**In re Michael K. CALDWELL, Barbara J. Caldwell, Debtors.**

**Bankruptcy No. 92–03733.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Oct. 7, 1992.

Samuel L. Calig, Columbus, OH, for debtors.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

## OPINION AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

The Court has before it a request by debtors Michael and Barbara Caldwell to confirm their proposed Chapter 13 plan. For the reasons which follow, confirmation will be denied.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(L).

These debtors have recently been before this Court in a Chapter 7 bankruptcy case filed on January 15, 1992. In their Chapter 7 case the debtors scheduled secured obligations of approximately $8,000, priority tax obligations of approximately $5,000 and general unsecured debts of approximately $24,000. Two of the secured debts were reaffirmed. On May 26, 1992 the debtors received a discharge of all debts except those not dischargeable under the provisions of 11 U.S.C. § 523(a)(1), (3), (5), (7), (8) or (9). On July 10, 1992 the case was closed as a no asset case.

On May 13, 1992, prior to the issuance of the discharge in their Chapter 7 case and during its pendency, the debtors filed this Chapter 13 case. The petition initiating the case on May 13, 1992 oddly enough discloses a discharge in the Chapter 7 case on April 21, 1992. That date is incorrect, however. The only secured debt scheduled in the Chapter 13 is one of the two debts for which reaffirmations were executed in the Chapter 7 case. The Chapter 13 schedules reveal approximately $23,500 in priority unsecured tax obligation and no general unsecured debts.

The debtors insist that this Chapter 13 plan will pay 100% of their debts and, therefore, should be confirmed. Because the secured obligation is shown as fully secured with an added interest factor of 22.99%, the priority tax debts appear to be those which must be paid in full pursuant to 11 U.S.C. § 1322(a)(2) and all unsecured debts have been discharged, this argument is disingenuous. The same attorney represents the debtors in both proceedings.

This case presents more clearly than most a developing trend toward serial bankruptcies. These serial cases do not reflect the recognized right to a liquidation if a reorganization fails. *See* 11 U.S.C. §§ 1112(a), 1208(a) and 1307(a). Rather, these cases exemplify the reverse of that right. The debtors first file a liquidation proceeding and discharge all or most of their unsecured obligations and then file a reorganization to deal with whatever remains. There is no objection to this process by unsecured creditors because such creditors are not listed on the schedules in the second case and are not even aware that other creditors are proposed to be paid. There is no specific prohibition in the Bankruptcy Code against such practice, but there also is no endorsement of it. Its compliance with the spirit of Chapter 13 is questionable.

■ This Court believes that any debtor who proposes a Chapter 13 plan soon after a Chapter 7 filing must be prepared to meet all tests for confirmation in Chapter 13 on a heightened scrutiny basis as employed generally in this district for plans which propose nominal repayment to general unsecured creditors. These proposals are, in effect, zero percentage plans and should be treated accordingly. Therefore, the debtors must be prepared to withstand increased scrutiny of their budgets, their disposable income and their good faith. *See Johnson v. Home State Bank*, — U.S. —, 111 S.Ct. 2150, 2156, 115 L.Ed.2d 66 (1991). Absent a marked change in circumstances, the scrutiny level will increase as the interval between the two cases decreases. Additionally, if the filing dates for the two cases are within a twelve-month period, this Court will require an opportunity for objection for all unsecured creditors whose claims were discharged in the initial Chapter 7 case. Further, those parties must be told specifically that no repayment is proposed for them.

This Court believes that the bankruptcy process is a necessary safeguard in an eco-

nomic system which is based upon credit transactions. The system spreads among credit extenders the costs of inevitable failures and provides periodic fresh starts for honest, but unfortunate, debtors. However, that system imposes responsibilities on debtors as well as granting benefits. If the benefits of Chapter 13 are desired, then the concomitant burdens must be assumed. Selecting only the benefits of two different chapters without assuming the burdens of those choices appears to this Court to raise serious questions of good faith.

In addition to the "chapter 20" problem present in this case, the Court notes that claims filed by various taxing authorities cause the debtors' plan, as proposed, to exceed 60 months. Those amounts also raise feasibility problems. Accordingly, confirmation must be denied for failure to meet the tests of 11 U.S.C. §§ 1322(c) and 1325(a)(1) and 1325(a)(6).

The debtors will be given twenty (20) days to propose amendments to their plan to satisfy the length and feasibility problems. Such amendments must be served with an opportunity to object on any affected party and as previously discussed, the entire plan, with appropriate descriptions, must likewise be served on all creditors in the prior Chapter 7 case. If such amendments are filed, the debtors will be expected to be present and testify at a rescheduled confirmation hearing to satisfy the Court that the feasibility, disposable income and good faith tests are met. If such hearing is required, counsel for the debtors shall make an appropriate scheduling request of the Court's courtroom deputy. If no such amendments are timely filed, the case will be dismissed.

IT IS SO ORDERED.